AUGUST T. MUYRES v. ANDREW SCHMID AND ANOTHER, d.b.a. H. & S. BOOT SHOP, AND ANOTHER. FRANK T. STARKEY, COMMISSIONER OF DEPARTMENT OF EMPLOYMENT SECURITY, RESPONDENT.

134 N. W. (2d) 319.

March 19, 1965—No. 39,467.

*Thomas J. Murphy,* for relators.

*Robert W. Mattson,* Attorney General, and *Joseph A. Coduti,* Assistant Attorney General, for respondent commissioner.

FRANK T. GALLAGHER, C.

Certiorari to review a decision of the commissioner of the Department of Employment Security.

Andrew Schmid and Marguerite Schmid, husband and wife, for some years operated a retail shoe store in St. Cloud, Minnesota, as partners under the name of H. & S. Boot Shop. On September 25, 1961, while operating as a partnership, they hired claimant, August T. Muyres, as a full-time retail shoe salesman. On December 1, 1961, the partnership was dissolved and the business incorporated as H. & S. Shoes, Inc., with Andrew and Marguerite Schmid as the principal shareholders. Claimant and all employees of the former partnership were continued in employment by the corporation with the same duties and at the same rates of pay, and it appears that few of them were even aware that there had been a change in the structure of the company. The experience rating of the partnership for unemployment compensation purposes was transferred to the corporation upon proper application to the Department of Employment Security.

Claimant testified that before he was hired he knew that he had an alcohol problem but that he did not tell the Schmids or others at the store about it because he was in control of it at the time and thought it might jeopardize his getting the job if he told them he was "apt to fall off the wagon."

During the first 8 months of 1962, Muyres' drinking habit was discovered and he developed a record of absenteeism. In spite of this, his employer gave him opportunities to continue with his employment. On August 28, 1962, Muyres had a general breakdown of his health, apparently as a direct result of his alcoholism. Because of this breakdown, he was hospitalized and no longer able to work after that date. Finally, his employer told him that he would have to let him go.

After his release from the hospital on September 4, 1962, Muyres registered for work and filed a claim for benefits at the state employment office in St. Cloud, indicating that he had been laid off. The claim was determined to be valid by the Department of Employment Security. A protest was filed by his employer on September 12, 1962. One claims deputy found that claimant was entitled to unemployment compensation but that it should not be charged against the employer's experience-rating account. This determination was entered September 24, 1962. Another claims deputy held on June 28, 1963, that

because claimant had been involuntarily deprived of his employment on December 1, 1961, when the partnership was dissolved and became a corporation, he should be allowed to collect unemployment compensation and the charge should be entered against the employer's experience-rating account. On August 20, 1963, a hearing was held before the appeal tribunal of the Department of Employment Security. As a result of this hearing, the findings of the second claims deputy dated June 28, 1963, were affirmed. The employer appealed to the commissioner and he affirmed the decision of the tribunal.

The real issue which we deem vital to this case is whether claimant was involuntarily separated from his employment on December 1, 1961, when the corporation was formed out of the former partnership. It is our opinion that our decision in Yackel v. St. Paul School of Hairdressing, 270 Minn. 203, 133 N. W. (2d) 29, controls in this case. The Yackel case involved a situation where the employee of one corporation which merged with another continued her employment in the successor corporation without interruption until she voluntarily discontinued her employment to accept a position with another corporation which subsequently discharged her. We held there that the merger of the two corporations had no connection whatever with her unemployment. It is our conclusion that the dissolution of the partnership and formation of a corporation in the instant case had no legal effect upon Muyres' employment since there was only one employing unit.

Reversed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.